IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | In proceedings under |
|   James L Schroeder | ) | Chapter 13 |
| | ) | |
| | ) | |
|   Debtor(s). | ) | Bk. No.: 18-30124 |

CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION
TO DEBTOR(S)' ORIGINAL PLAN

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

    **COMES NOW,** RUSSELL C. SIMON, Chapter 13 Trustee, and files this his Objection to Confirmation of the Debtor(s) Original Plan and in support thereof would respectfully show unto this Court the following (only those items checked apply):

1. __X__  The Debtor(s)' Plan is not feasible.  [Disposable Income: $1,225.00 Plan Payment: $1,245.00]

2. ____  As of , the proposed Plan does not provide sufficient funding to pay all allowed secured/priority claims, as well as any required distribution to allowed general unsecured claims.  The Trustee's plan calculation* has been emailed to counsel. [Current Base: $0.00 Estimated Minimum Req'd Base: $0.00]

3. ____  Pursuant to Form 122C-2, Line 45, the Plan must provide a minimum payment to all allowed non-priority unsecured claims of the lesser amount of $0.00 or 100%.

4. ____  The Plan proposed by the Debtor(s) fails to address the following secured and/or priority claims:  .

5. ____  The Plan does not provide for payment of all of the Debtor(s)' disposable income.
[Disposable Income on Sch. J: $0.00   Plan Payment: $0.00]

6. ____  Pursuant to 1325(a)(4), the amount necessary to pay all classes of unsecured creditors is $0.00; however, Debtor(s)' Plan only proposes to pay $0.00.

7. ____  Pursuant to the Proof of Claim filed by  on , the Debtor(s) have not filed their tax returns.  The Debtor(s) must provide the Trustee with evidence that these returns have been filed.

    If the Debtor(s) assert that they have filed the tax returns indicated on the tax agency's Proof of Claim as not filed, they must file an Objection to said Proof of Claim and/or otherwise have the taxing agency file an Amended Proof of Claim to set forth the correct amount of their priority debt, if any.

8. _X_    Other:   a. Schedule A.B Line 17.1 lists a checking account with US Bank with a balance on the date of filing of $400.00. However, pursuant to the bank statements provided to the Trustee the balance in the US Bank checking account on the date of filing was $2,626.69. Schedule A/B must be amended to correctly list the balance in this account.

        The liquidation analysis cannot be determined until this objection has been resolved.

        b. Pursuant to the Disclosure of Compensation of Attorney for Debtors the attorney agreed to accept $4,500.00 of which $500.00 was paid prior to filing leaving a balance in the amount of $4,000.00. However, the Chapter 13 Plan provides for payment of attorney fees in the amount of $4,500.00. This conflict must be resolved.

        c. The Chapter 13 Plan does not provide for payment of proceeds, if any, of the class action claim listed on Schedule A/B. The plan must be amended to provide for the proceeds from said claim.

        d. Pursuant to the provisions of the standard Chapter 13 Plan used for all cases filed on or after August 1, 2011, where the Chapter 13 Trustee is disbursing the ongoing mortgage payments, the first mortgage payment to be disbursed will be that which becomes due in the second month after the month in which the petition is filed.

        Debtor(s) filed the instant case on January 31, 2018, thus the first ongoing mortgage payment to be disbursed by the Trustee should be March, 2018. However the Debtor(s) provide the start date as March 1, 2017. The Plan must be amended to resolve this conflict.

        e. The Chapter 13 Plan Paragraph 6 lists Cecil Mgmt Group lease of property. However, pursuant to the 341 testimony, this listed incorrectly as Debtor does not lease this property. The plan must be amended to remove same.

*The parties are advised that the plan calculation is subject to change based upon numerous factors, including, but not limited to, a change in the Trustee's percentage fee; missed or late plan payments; the filing of proof of claims in amounts substantially different from the amounts scheduled in the debtor(s)' plan; and the filing of amended proof of claims.

        **WHEREFORE, PREMISES CONSIDERED,** Russell C. Simon, Chapter 13 Trustee, respectfully prays that this Court deny confirmation of the Debtor(s)' Plan, and grant him such other and further relief, both in law and in equity, to which he shows himself justly entitled.

        **/s/ Russell C. Simon**
        RUSSELL C. SIMON, Trustee
        Chapter 13 Trustee
        24 Bronze Pointe
        Swansea, Illinois  62226
        Telephone: (618) 277-0086
        Telecopier: (618) 234-0124

Dated: March 12, 2018
LD

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Trustee's Objection to Confirmation to Debtor(s)' Original Plan was served on the parties listed below by ordinary U.S. Mail (with the correct postage prepaid and deposited in the U.S. Mail in Belleville, IL) or served electronically through the Court's ECF System at the email address registered with the Court on this day, Monday, March 12, 2018.

/s/Lisa

James L Schroeder
2121 College Ave
Alton, IL  62002


.MICHAEL J BENSON
801 LINCOLN HIGHWAY, STE B
FAIRVIEW HEIGHTS, IL 62208